**Santangelo, Karen L.**

| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Sunday, October 15, 2017 11:40 AM |
| **To:** | Santangelo, Karen L. |
| **Subject:** | Notice of Service of Process - Transmittal Number: 17264312 |



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: <u>17264312</u>
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Allegis Group, Inc. |
| **Entity I.D. Number:** | 1561735 |
| **Entity Served:** | Allegis Group, Inc. |
| **Title of Action:** | Selina Aguilar vs. Allegis Group, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Bernardino County Superior Court, California |
| **Case/Reference No:** | CIVDS 1719255 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/13/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Roman Otkupman
818-293-5623

**Primary Contact:**
Rich  Moore
Allegis Group, Inc.

**Electronic copy provided to:**
Karen Santangelo

1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLEGIS GROUP, INC., A MARLAND CORPORATION, AND
DOES 1-100 INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SELINA AGUILAR

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 2 8 2017

BY_____
DAISY MONDRAGON, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Justice Center

247 West 3rd Street, San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVDS 1719255

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman & Nidah Farishta; 28632 Roadside Dr. Suite 203 Agoura Hills, CA 91301; (818) 293-5623

DATE: SEP 2 8 2017              Clerk, by     Daisy Mondragon          , Deputy
*(Fecha)*                       *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Allegis Group, Inc. , a Maryland Corporation

   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 2 8 2017

BY_____
DAISY MONDRAGON, DEPUTY

1  Roman Otkupman, CSBN 249423
   *Roman@OLFLA.com*
2  Nidah Farishta, CSBN 312360
   *Nidah@OLFLA.com*
3  **OTKUPMAN LAW FIRM, A LAW CORPORATION**
   28632 Roadside Drive, Suite 203
4  Agoura Hills, CA 91301
   Telephone: (818) 293-5623
5  Facsimile (888) 850-1310

6
   Attorneys for Plaintiff,
7  Selina Aguilar

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA,

9                      COUNTY OF SAN BERNARDINO

10 SELINA AGUILAR,                    CASE NO.   CIVDS 1719255

11              Plaintiff,            COMPLAINT FOR DAMAGES:

12     vs.                           1.  **DISABILITY DISCRIMINATION
                                          IN VIOLATION OF FAIR
13 ALLEGIS GROUP, INC., A MARYLAND        EMPLOYMENT AND HOUSING
   CORPORATION, AND DOES 1 THROUGH        ACT;**
14 100, INCLUSIVE,
                                     2.  **UNLAWFUL FAILURE TO
15              Defendants.               ACCOMMODATE DISABILITY
                                          CAL. GOV'T CODE § 12940(m);**
16
                                     3.  **DISABILITY DISCRIMINATION
17                                        IN VIOLATION OF FEHA,
                                          FAILURE TO ENGAGE IN
18                                        INTERACTIVE PROCESS,
                                          CAL. GOV'T CODE § 12940(n);**
19
                                     4.  **FAILURE TO TAKE
20                                        REASONABLE STEPS TO
                                          PREVENT DISCRIMINATION IN
21                                        THE WORK PLACE,
                                          CAL. GOV'T CODE § 12940(k);**
22
                                     5.  **WRONGFUL TERMINATION IN
23                                        VIOLATION OF PUBLIC POLICY
24                                        AND FEHA, CAL. GOV'T CODE
                                          12940 ET SEQ.;**
25
                                     6.  **UNLAWFUL RETALIATION IN
26                                        VIOLATION OF FAIR
                                          EMPLOYMENT AND HOUSING**

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW    COMPLAINT FOR DAMAGES                    1

ACT, CAL. GOV'T CODE §12940(h);

**REQUEST FOR JURY TRIAL**

PLAINTIFF, SELINA AGUILAR, complains and alleges as follows:

GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1. At all times herein mentioned, Plaintiff SELINA AGUILAR, is and was a resident of West Covina, State of California.

2. At all times herein mentioned, Defendant, ALLEGIS GROUP, INC., AND DOES 1-100 (hereinafter also referred to as "Defendants"), is licensed to do business within the City of Ontario, County of San Bernardino. Defendant employed the Plaintiff at 4200 Concours Suite 300 Ontario, CA 91764. Plaintiff is informed and believes that said Defendant employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3. The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.      Plaintiff began working for Defendants in or around June of 2016 as a Manufacturing Employee. While working for Defendants, Plaintiff was earning approximately $16.00 per hour.

6.      Throughout her employment with Defendants, Plaintiff was a diligent worker.

7.      In or around August of 2016, Plaintiff found out she was pregnant. Plaintiff immediately notified her supervisors on site, Arlinda Holiday and Ron (last name unknown).

8.      She also spoke with Defendant's agents, Karina Robledo and Crystal (last name unknown) about her need to take a pregnancy leave closer to Plaintiff's due date.

9.      In or around the end of November and beginning of December 2016, Plaintiff again inquired and sought Defendant's approval of taking a maternity leave from January 2017 to April 2017.

10.     Defendant approved Plaintiff's request and reassured Plaintiff that her position would remain secure.

11.     Throughout Plaintiff's leave, Plaintiff kept in contact with Defendant.

12.     In or around early April 2017, Plaintiff emailed Defendant several times to inquire about her return date. Each time, Defendant responded that it did not have any updates for Plaintiff.

13.     After Plaintiff's relentless inquiry, Defendant finally informed Plaintiff that her position was no longer available. Even though Defendant advised Plaintiff that it would update Plaintiff of any open positions, Defendant failed to respond Plaintiff's subsequent emails.

14.     Plaintiff was terminated on April 23, 2017 for pretextual reasons.

15.     The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendant acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about September 12, 2017 Plaintiff exhausted her administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

### VENUE AND JURISDICTION

17.     Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

**Gov't. Code Section 12940 et seq.**

(Against Defendant and all DOE Defendants)

18.    Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

19.    The actions of Defendant, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

20.    Plaintiff alleges that her pregnancy, which further prevented and/or substantially limited Plaintiff from engaging in major life activities such as working, was a physical disability. Plaintiff informed Defendant of her pregnancy and that she would have to go on leave. During her leave, Plaintiff kept Defendant updated. In or around April 2017, Defendant denied Plaintiff from returning back to work and terminated her on or about April 23, 2017. At all times herein mentioned, Plaintiff was regarded as being disabled and suffering from a disability, and at all relevant times, Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

21.    As alleged above, the Plaintiff suffered a serious medical condition while she was employed by Defendant, which required Plaintiff to take time off work in order to treat her disability. Plaintiff brings this cause of action for disability discrimination, and termination of employment because of such disability. Furthermore, Plaintiff had a specific return-to-work date which she attempted to communicate to her supervisor. That communication was blatantly ignored when Plaintiff was terminated.

22.    Plaintiff alleges that she was discriminated against by the Defendant, named in this cause of action, as follows:

a.    firing Plaintiff for her disability;

b.    firing Plaintiff in retaliation for having taken time off to treat her disability;

c.    generally not wanting Plaintiff to work at the Defendant because Plaintiff had suffered a serious disability which Defendant perceived as a disability, and by perceiving said disability, Defendant anticipated it would have to pay extra costs in reasonably accommodating Plaintiff, and as a result, said Defendant retaliated against Plaintiff, and terminated her to avoid

providing any reasonable accommodations and to avoid any perceived extra medical costs associated with Plaintiff's disability. The discrimination impeded Plaintiff's progress and the enjoyment of her employment with Defendant. The discriminatory work environment existed on a continuing and ongoing basis up to Plaintiff's termination.

23.    Managing agents of Defendant, knew (or should have known) of the discriminatory work environment and conduct against Plaintiff but did nothing to prevent or stop the discrimination.

24.    Defendant's disability discrimination as described in this Complaint violates the Fair Employment and Housing Act as promulgated in California Government Code Section 12940 et. seq., and other state and federal statutes which prohibit discrimination in employment, including the California Constitution and the Civil Rights Act as amended.

25.    As a direct and proximate result of Defendant's discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

   a. loss of salary and other valuable employment benefits;

   b. prejudgment interest and interest on the sum of damages at the legal rate; and

   c. other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

26.    In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code Section 12965(b).

27.    The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendant's willful violation of the Act, entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of them to others.

28.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant named in this cause of action, described above, was done with

oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

29.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendant's directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendant in order to deter them from such and similar conduct in the future.

## SECOND CAUSE OF ACTION

### UNLAWFUL FAILURE TO ACCOMMODATE DISABILITY

### CAL. GOV'T CODE § 12940(m)

(Against Defendant and all DOE Defendants)

30.    Plaintiff incorporates by references all preceding paragraphs in this complaint.

31.    Plaintiff is and all times mentioned herein was, qualified and able to hold position with DEFENDANT.

32.    Plaintiff alleges that, assuming arguendo, if Plaintiff was indeed unable to perform the duties of a manufacturing employee, she was capable and qualified to perform her duties at Defendant's with reasonable accommodations. Plaintiff's supervisor was well aware of that fact and nevertheless chose to terminate Plaintiff's employment. Plaintiff informed Defendant of her pregnancy and that she would have to go on leave. During her leave, Plaintiff kept Defendant updated. In or around April 2017, Defendant denied Plaintiff from returning back to work and terminated her on April 23, 2017.

33.    Despite this, Defendant never offered Plaintiff reasonable accommodation and in spite of Defendant's legal duty, Defendant never offered any accommodation to Plaintiff prior to Plaintiff's termination.

34.    Therefore, Plaintiff alleges that allowing Plaintiff to recover from her medical condition by allotting Plaintiff additional time off work was a reasonable accommodation.

1    Plaintiff further alleges that either having Plaintiff return to work immediately or waiting for

2    Plaintiff to be released to return to work by her physician was a reasonable accommodation for

3    Plaintiff.

4    35.    As a proximate result of Defendant's conduct, Plaintiff has suffered damage in

     an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court

5    and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front

6    pay, back pay, severance pay, and damages for emotional distress.

7                              **THIRD CAUSE OF ACTION**

8       **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA, FAILURE TO**

9                      **ENGAGE IN INTERACTIVE PROCESS,**

                            **CAL. GOV'T CODE §12940(n)**

10                  (Against Defendant and all DOE Defendants)

11   36.    The allegations set forth in paragraphs 1 through 35 are re-alleged and

12   incorporated herein by reference.

13   37.    At all times herein mentioned the FEHA, Government Code Section 12940(n),

14   was in full force and effect and binding on Defendant. These statutes required Defendant to

15   engage in an interactive process in assessing the employee's disability in order to provide a

16   reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful

     employment practice for an employer to fail to engage in a timely, good faith, interactive

17   process with the employee to determine the effective reasonable accommodations, if any, in

18   responses to a request for reasonable accommodation by an employee with a known physical

19   disability.

20   38.    Plaintiff suffered from a disability and a medical condition during her

21   employment at Defendant. Plaintiff was placed off from work to treat her medical condition.

     Plaintiff informed Defendant of her delicate pregnancy and that she would have to go on leave.

22   During her leave, Plaintiff kept Defendant updated. In or around April 2017, Defendant denied

23   Plaintiff from returning back to work and terminated her on or about April 23, 2017.

24   39.    As a proximate result of Defendant's willful, knowing and intentional

25   discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable

26   accommodation concerning her medical condition and actual and/or perceived disability, and

     by failing to engage in any interactive process, Plaintiff has suffered and continues to suffer

1  humiliation, emotional distress, and physical and mental pain and anguish, all to her damages

2  in a sum according to proof.

3    40.    Defendant has committed the acts herein alleged maliciously and oppressively,

   with the wrongful intention of injuring Plaintiff, with an improper and intentional motive

4  amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff

5  requests the assessment of punitive damages against Defendant, in an amount appropriate to

6  punish and make example of it.

7    41.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees

8  in a sum according to proof.

9                      **FOURTH CAUSE OF ACTION**

                **FAILURE TO TAKE REASONABLE STEPS TO PREVENT**

10   **DISCRIMINATION IN THE WORK PLACE IN VIOLATION OF THE FAIR**

11                   **EMPLOYMENT AND HOUSING ACT**

12                   **CAL. GOV'T. CODE § 12940(k)**

13              (Against Defendant and all DOE Defendants)

14    42.    Plaintiff incorporates and realleges by reference all previous paragraphs of this

15  Complaint as if fully set forth herein.

16    43.    Plaintiff was discriminated against as described in this Complaint. Although

   Defendant knew or should have known of the discriminatory conduct, it failed and refused to

17  take all the reasonable steps necessary to prevent the discrimination from occurring.

18    44.    Defendant failed or refused to take appropriate steps to abate or prevent

19  discrimination in the workplace by failing to effectively enforce policy against unlawful

20  discrimination, failing to thoroughly investigate complaints of discrimination, and failing to

21  take prompt and appropriate disciplinary action against perpetrators of discrimination. On the

22  contrary, Defendant implemented policies that promoted discrimination of Plaintiff based on

   her disability.

23    45.    Defendant's conduct as described constitutes a violation of California

24  Government Code Section 12940(k).

25    46.    As a direct and proximate result of the acts of Defendant, Plaintiff has sustained

26  and continues to suffer severe emotional distress. Plaintiff seeks general damages for her

   severe emotional distress and other consequential damages in an amount not less than an

1    amount within the jurisdiction of this court, the exact amount to be proven at trial.

2        47.    In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit,

3    pursuant to California Government Code § 12965(b).

4        48.    Further, because the wrongful acts against Plaintiffs were carried out or ratified

5    by directors, officers and/or managing agents of Defendant, acting with malice, oppression or

     fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury

6    to Plaintiff, as demonstrated by her actions and as described earlier in this Complaint, Plaintiff

7    seeks punitive damages against Defendant, in order to deter them from such and similar

8    conduct in the future.

9                        **FIFTH CAUSE OF ACTION**

                **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

10                      (Against Defendant and all DOE Defendants)

11       49.    Under California law, no employee, whether they are an at-will employee, or an

12   employee under a written or other employment contract, can be terminated for a reason that is

13   in violation of a fundamental public policy. The California Court has interpreted a fundamental

14   public policy to be any articulable constitutional, or statutory provision, or regulation that is

15   concerned with a matter affecting society at large rather than a purely personal or proprietary

16   interest of the employee or the employer. Moreover, the public policy must be fundamental,

     substantial, and well established at the time of discharge.

17       50.    Plaintiff is informed, believes, and based thereon, alleges that said Defendant

18   named in this cause of action, and all DOE Defendants, and each of them, terminated

19   Plaintiff's employment in violation of the Fair Employment & Housing Act, (FEHA), and

20   public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct

21   described in the above sentence violates the following statutes that affect society at large:

22       a.    under the FEHA, California Government Code §12940, which prohibits

23   employers from terminating and discriminating against their employees in terms,

     conditions, and privileges of employment because of their disability;

24       b.    all other state statutes, regulations, administrative orders, and ordinances which

25   affect society at large, and which discovery will reveal were violated by said

26   Defendants by retaliating, harassing, discriminating against Plaintiff.

51.     Plaintiff alleges that the Defendant, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendant, terminated Plaintiff's employment in violation of public policy as such:

a.     by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of her disability under California Government Code 12940, et seq.

52.     As a direct, foreseeable, and proximate result of the actions of said Defendant, and all Doe Defendants, and each of them, named in this Cause of Action, as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

53.     The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of Defendant to others.

54.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by the Defendant's employees and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant for its acts as described in this cause of action, in a sum to be determined at the time of trial.

## SIXTH CAUSE OF ACTION

### UNLAWFUL RETALIATION IN VIOLATION OF FAIREMPLOYMENT AND HOUSING ACT

(Against Defendant and all DOE Defendants)

55.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

56.      Government Code §12940(h) provides that it is unlawful for an employer or other entity covered by this part to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden" under the Fair Employment and Housing Act.

57.     Plaintiff was discriminated against by Defendant's employees as a result of her physical disability. Plaintiff informed Defendant of her pregnancy and that she would have to go on leave. During her leave, Plaintiff kept Defendant updated.  In or around April 2017, Defendant denied Plaintiff from returning back to work and terminated her on or about April 23, 2017.

58.     Plaintiff is informed and believes and alleges that the reason given by Defendant to Plaintiff for her termination was pretextual. Plaintiff is informed and believes and alleges that the true reasons for Defendant's termination of Plaintiff was in retaliation for Plaintiff's opposition to the discrimination that took place.

59.     As a proximate result of Defendant's willful, knowing and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

60.     Defendant's acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful discrimination. Because the acts were carried out by officers, directors and/or managing agents of Defendant in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

61.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

62.    Plaintiff requests an award of attorney's fees and costs of suit pursuant to Government Code §12965(b).

### PRAYER FOR RELIEF

Wheretofore, Plaintiff prays that Judgment be entered in her favor and against Defendants and each of them as follows:

1.  For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.  For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3.  For costs of suit and attorney fees;

4.  For prejudgment and post judgment interest;

5.  For any other relief that is just and proper;

6.  For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).

## REQUEST FOR JURY TRIAL

DATED: September 12, 2017          OTKUPMAN LAW FIRM, ALC

By: 

Roman Otkupman
Nidah Farishta
Attorneys for Plaintiff, Selina Aguilar

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                    DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 12, 2017

Roman Otkupman
28632 Roadside Drive, Suite 203
Agoura Hills California 91301

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 576112-311441
Right to Sue: Aguilar / Allegis Group, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962,
DFEH will not serve these documents on the employer.  You or your attorney must serve
the complaint.  If you do not have an attorney, you must serve the complaint
yourself. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 12, 2017

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 576112-311441
Right to Sue: Aguilar / Allegis Group, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 12, 2017

Selina Aguilar
28632 Roadside Drive, Suite 203
Agoura Hills, California 91301

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 576112-311441
Right to Sue: Aguilar / Allegis Group, Inc.

Dear Selina Aguilar,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 12, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                              DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2

**BEFORE THE STATE OF CALIFORNIA**

3

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4

**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

5

6    In the Matter of the Complaint of                    DFEH No. 576112-311441
     Selina Aguilar, Complainant.

7    28632 Roadside Drive, Suite 203
     Agoura Hills, California 91301

8

9    vs.

10   Allegis Group, Inc., Respondent.
     2710 Gateway Oaks Drive, Suite 150N

11   Sacramento, California 95833

12

13   Complainant alleges:

14
     1. Respondent **Allegis Group, Inc.** is a subject to suit under the California Fair
15   Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant
     believes respondent is subject to the FEHA.
16

17   2. On or around **April 23, 2017,** complainant alleges that respondent took the
     following adverse actions against complainant: **Discrimination, Retaliation Denied**
18   **a good faith interactive process, Denied a work environment free of**
     **discrimination and/or retaliation, Denied employment, Denied reasonable**
19   **accommodation, Denied reinstatement, Terminated, .**   Complainant believes
     respondent committed these actions because of their: **Disability, Engagement in**
20   **Protected Activity, Family Care or Medical Leave, Sex - Pregnancy** .

21   3. Complainant **Selina Aguilar** resides in the City of **Agoura Hills,** State of
22   **California.** If complaint includes co-respondents please see below.

*Complaint ±DFEH No. 576112-311441*

DFEH 602-1

Date Filed: September 12, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

- Plaintiff began working for Defendants in or around June of 2016 as a Manufacturing Employee.
- Throughout her employment with Defendants, Plaintiff was a diligent worker.
- In or around August of 2016, Plaintiff found out she was pregnant. Plaintiff immediately notified her supervisors on site, Arlinda Holiday and Ron (last name unknown).
- She also spoke with Defendants agents, Karina Robledo and Crystal (last name unknown) about her need to take a pregnancy leave closer to Plaintiffs due date.
- In or around the end of November and beginning of December 2016, Plaintiff again inquired and sought Defendants approval of taking a maternity leave from January 2017 to April 2017.
- Defendant approved Plaintiffs request and reassured Plaintiff that her position would remain secure.
- Throughout Plaintiffs leave, Plaintiff kept in contact with Defendant.
- In or around early April 2017, Plaintiff emailed Defendant several times to inquire about her return date. Each time, Defendant responded that it did not have any updates for Plaintiff.
- After Plaintiffs relentless inquiry, Defendant finally informed Plaintiff that her position was no longer available. Even though Defendant advised Plaintiff that it would update Plaintiff of any open positions, Defendant failed to respond Plaintiffs subsequent emails.
- Plaintiff was terminated on April 23, 2017 for pretextual reasons.

*Complaint ± DFEH No. 576112-311441*

Date Filed: September 12, 2017

VERIFICATION

I, **Roman Otkupman**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 12, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Agoura Hills, CA**
**Roman Otkupman**

-7-

*Complaint ± DFEH No. 576112-311441*

DFEH 903-1

Date Filed: September 12, 2017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman (CSBN: 249423) & Nidah Farishta (CSBN: 312360)<br>OTKUPMAN LAW FIRM, ALC<br>28632 Roadside Dr, Suite 203<br>Agoura Hills, CA 91301<br>TELEPHONE NO: (818) 293-5623  FAX NO.: (888) 850-1310<br>ATTORNEY FOR (Name): Plaintiff Selina Aguilar | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>SEP 2 8 2017<br><br>BY _____<br>DAISY MONDRAGON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Aguilar v. Allegis Group, Inc., et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CIVDS 1719255<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Wrongful Termination
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 12, 2017
Roman Otkupman
_____  _____
(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Selina Aguilar

CASE NO.: _____ **CIVDS 1719255**

vs.

**CERTIFICATE OF ASSIGNMENT**

Allegis Group, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the __San Bernardino__ District of the Superior Court under Rule 404 of this court for the checked reason:

☑ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other __wrongful term__ | The Defendant resides within the district. |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Allegis Group, Inc. | | 4200 Concours Suite 300 | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Ontario | CA | 91764 | |
| CITY | STATE | ZIP CODE | |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on __September 12, 2017__ at __Agoura Hills__ , California

Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
--------------------------------------------------------------------------
--------------------------------------------------------------------------
                                     CASE NO: CIVDS1719255

    OTKUPMAN LAW FIRM
    28632 ROADSIDE DRIVE
    STE 203
    AGOURA HILLS CA 91301
                         NOTICE OF TRIAL SETTING CONFERENCE


IN RE: AGUILAR -V- ALLEGIS GROUP

THIS CASE HAS BEEN ASSIGNED TO: BRIAN S MCCARVILLE IN DEPARTMENT S30
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
San Bernardino, CA  92415-0210.

        HEARING DATE: 04/02/18 at  8:30 in Dept. S30


DATE: 10/02/17  Nancy Eberhardt, Court Executive Officer
                                     By: DAISY MONDRAGON
--------------------------------------------------------------------------
--------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
(✓) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/02/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/02/17 at San Bernardino, CA

                         BY: DAISY MONDRAGON